23-7853
Chicaiza-Lluay v. Bondi

BIA
Gundlach, IJ
A240 915 474/475

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand twenty-six.

PRESENT:
> GUIDO CALABRESI,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

WUILME PATRICIO CHICAIZA-LLUAY, KAREN ANAHI CHICAIZA-BAEZ,
> *Petitioners,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

23-7853
NAC

_____

**FOR PETITIONERS:** Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General, Michael C. Heyse, Senior Litigation Counsel; Roberta O. Roberts, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Wuilme Patricio Chicaiza-Lluay and his minor child, natives and citizens of Ecuador, seek review of an October 25, 2023, decision of the BIA affirming a May 31, 2023, decision of an Immigration Judge ("IJ") denying Chicaiza-Lluay's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chicaiza-Lluay*, Nos. A240 915 474/475 (B.I.A. Oct. 25, 2023), *aff'g* Nos. A240 915 474/475 (Immig. Ct. N.Y. City May 31, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA, i.e., minus the grounds that the BIA did not reach and considering the BIA's

2

waiver finding. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review questions of law and applications of law to fact *de novo* and factual findings for substantial evidence." *KC v. Garland*, 108 F.4th 130, 134 (2d Cir. 2024). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**A.    Asylum and Withholding of Removal**

An applicant for asylum and withholding of removal must establish either past persecution or a fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (concluding that "one central reason" requirement applies to both asylum and withholding of removal). "To qualify as 'persecution' the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private individuals whom the government is 'unable or unwilling to control.'" *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (quoting *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir.

3

2020)). This "unwilling-or-unable standard requires an applicant to show more than government failure to act on a particular report of an individual crime, or difficulty controlling private behavior." *Scarlett*, 957 F.3d at 331 (cleaned up).

Before the agency, Chicaiza-Lluay testified that he was the victim of a scam in which a car was sold to both him and another buyer and he was physically assaulted by the perpetrator of the scam. The IJ determined that he failed to establish that the government was unable or unwilling to control his abuser because the police investigated, they prosecuted the perpetrator for scamming another victim, the investigation was ongoing, and Chicaiza-Lluay did not report the assault. Because government involvement or an inability or unwillingness to protect is essential to establishing persecution, it is dispositive of asylum and withholding of removal. The BIA denied these forms of relief because Chicaiza-Lluay failed to challenge this finding on appeal.

Chicaiza-Lluay does not challenge the BIA's waiver finding here and accordingly has abandoned review of the agency's denial of asylum and withholding of removal. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes

4

abandonment." (quotation marks omitted)); *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) ("Where the agency properly applies its own waiver rule . . . this Court's review is limited to whether the BIA erred in deeming the argument waived." (cleaned up)).

Moreover, as the Government argues, because he did not challenge the unable-or-unwilling-to-protect finding before the BIA, the issue is unexhausted and we cannot reach it. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (reiterating that issue exhaustion is mandatory when the Government raises it); *Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and [this Court] cannot hear it.").

Finally, even if we could consider it, it is not sufficiently challenged here, and the IJ's decision is supported by the record as the police investigated, prosecuted the perpetrator of the scam for a similar offense, and Chicaiza-Lluay did not report the physical assault. *See Scarlett*, 957 F.3d at 328, 331.

Because this determination is dispositive of finding "persecution" as defined for asylum and withholding of removal, *see id.*, neither the BIA nor this Court is required to address other grounds for the denial of asylum and

withholding of removal, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**B.    CAT**

A CAT applicant has the burden to show he will "more likely than not" be tortured, and that such torture would be "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity."    8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).    To establish acquiescence, the applicant must show that "the public official, prior to the activity constituting torture, [will] have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."    *Id.* § 1208.18(a)(7); *see Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) ("[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it.").

The IJ found that Chicaiza-Lluay failed to establish 1) that it is more likely than not that he would be subjected to torture in the future if he and his family returned to Ecuador, and 2) that a public official or someone acting in an official capacity would torture, acquiesce, or remain willfully blind to any future torture.

6

In his appeal brief, Chicaiza-Lluay does not address the dispositive determination that he failed to establish a greater than fifty percent chance that he would be tortured upon return to Ecuador. We thus consider any challenge to that dispositive finding abandoned. *See Debique v. Garland*, 58 F.4th at 684. Because the likelihood-of-torture determination is dispositive, we need not address the agency's determination that Chicaiza-Lluay failed to show government acquiescence. *INS v. Bagamasbad*, 429 U.S. at 25.

* * *

7

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.[1]

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

---

[1] A copy of this order will be forwarded to this Court's Grievance Panel for consideration of the following issues with the brief filed by Chicaiza-Lluay's attorney, Michael Borja. First and foremost, Borja's brief abandoned any challenge to the agency's dispositive findings as to asylum, withholding, and CAT relief and instead focuses on an issue—proposed social group—that was not even addressed by the BIA. Second, Borja argues, as he has in other cases, that the nexus requirement for withholding of removal is less stringent than that for asylum. But it is well-settled in this Circuit that the "one central reason" standard also applies to withholding of removal, *see Quituizaca*, 52 F.4th at 109–14, and we have rejected this argument in other cases filed by Borja, *see, e.g.*, *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054, at *1 (2d Cir. Apr. 23, 2024) (summary order).

Petitioners may seek to file with the BIA a motion to reopen removal proceedings based on ineffective assistance of counsel. We express no opinion as to whether Petitioners have potentially successful claims for asylum, withholding of removal, or protection under the CAT if the BIA does reopen the proceedings, nor as to whether this case would warrant equitable tolling of the deadline for filing a motion to reopen. See 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen be filed no later than 90 days after the final administrative decision); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) ("[I]neffective assistance of counsel can . . . afford an alien additional time beyond the limitations period for a motion to reopen and relieve a petitioner from the numerical bar.").

Parties seeking equitable tolling, meaning additional time beyond the ninety-day period to file a motion to reopen, must show that (1) counsel's performance was so ineffective that it impinged upon the fundamental fairness of the hearing, and (2) they have exercised due diligence in pursuing their claims. *Rashid*, 533 F.3d at 130–31. In addition, an individual claiming ineffective assistance of counsel in removal proceedings must substantially comply with procedures laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Specifically, they must file the following with the BIA: "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this

8

regard; (2) proof that the individual notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the individual filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (quotation marks omitted).